UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

NELSON VERAS,

  Plaintiff-Petitioner,

v.

UNITED STATES OF AMERICA,

  Defendant-Respondent.

NOTICE

16CV 9699

RECEIVED SDNY PRO SE OFFICE 2016 DEC 15 AM 8:3

Crim. Case No. 0208 1:15 CR 551-04 (AJN)
Crim. Case No. 0208 1:15 CR 651-04 (AJN)

  **Please take "NOTICE"** that on or about December 05, 2016, plaintiff, mailed this notice to the United States District Court Southern District N.Y. and to all the parties involved in this matter "NOTICE" that Nelson Veras, will and hereby does,, move, to vacate, set aside, and/or otherwise correct his illegal sentence and conviction filed against him on both this matter and in 15-CR-00651-04 (AJN) to run concurrently. The term of imprisonment is to include 60 months to be served concurrently and 36 months to run consecutively with the plaintiff prior undischarged federal sentence in 14-CR-00468-03(SAS), which he is currently serving.

see imposition of judgment dated June 1, 2016, before Hon. Alison J. Nathan, U.S.D.J.

  Veras was sentenced of Conspiracy to commit a Hobbs Act robbery in violation of 18 U.S.C. §1951 and 2; using and carrying a firearm during

and in relation to a "crime of violence" in violation of 18 U.S.C. §924(c)(1)(A)(i) "Such sentence shall be " in addition to the punishment provided provided for such crime of violence or drug trafficking crime and may not run concurrently with any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed. Though not identical, the definition of "crime of violence" in §924(c) is substantially similar to the definition of violent felony under the ACCA.

Johnson, 135 S. Ct. at 2557-58. Based on the similarity between residual clauses in §924(c)(3)(B) and §924(e)(2)(B)(ii), Veras contends that §924(c)'s residual clause is unconstitutionally vague for the same reasons the U.S. Supreme Court found §924(e)(2)(B)(ii) to be unconstitutionally vague in Johnson, rendering him "actually innocent" of his §924(c) conviction.

As a result, Veras's 924(c) conviction (1) violates due process; (2) violates the laws of the United States and results in a fundamental miscarriage of justice; and (3) was entered in excess of the district court jurisdiction. Therefore, he is entitled to relief under 28 U.S.C. §2255(a).

Plaintiff petition is timely under 28 U.S.C. §2255(f)(3) and or 2255(H) because he filed it within the one year of the Supreme Court's decision in Johnson which established a "newly recognized" right that is "retroactively applicable to cases on collateral review."

s/By: *[signature]*
Nelson Veras

RESPECTFULLY SUBMITTED this 05 day of of December, 2016.

NOTICE

SUBMITTED, this 5 December, 2016. at Jonesville, Virginia.

s/By: _Nelson Veras_
Nelson Veras

Declaration:
In accordance with the provisions of §1746 of Title 28, United States Code, I, the undersigned  Nelson Veras , do hereby make the following declaration under penalty of perjury pertinent to the above-styled cause:
Executed on this  5th , day of  December , 2016.

s/By: _Nelson Veras_
Nelson Veras

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing document was placed in the prison USP LEE mailbox for delivery with attached proper United States Postal Service, U.S.P.S., First Class Mail, this 5th , day of December 2016.

s/By _Nelson Veras_
Nelson Veras

cc: United States Attorneys' Office
Assistant U.S. Attorney
Matthew J. Laroche
One St. Andrew's Plaza
New York, NY 10007

NOTICE

Page 3 of 3